IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HYMED GROUP CORPORATION, ) <br> A Pennsylvania corporation, individually ) <br> and as the representative of a class of ) <br> similarly-situated persons, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVENS & RICCI, INC., ) <br> ) <br> Defendant. ) | Civil Action No.: |

## CLASS ACTION COMPLAINT

Plaintiff, THE HYMED GROUP CORPORATION ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, STEVENS & RICCI, INC. ("Defendant").

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending unsolicited facsimiles.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA and for injunctive relief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue is proper in the District of Pennsylvania because Plaintiff's principal place of business is in this district and Defendant committed a statutory tort within this district.

## PARTIES

8. Plaintiff is a Pennsylvania corporation with its principal place of business in Bethlehem, PA.

9. On information and belief, Defendant, STEVENS & RICCI, INC., is an Arizona corporation.

## FACTS

10. On or about February 8, 2006 and February 27, 2006, Defendant transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff. Copies of the facsimiles are attached hereto as Exhibit A.

11. Defendant created or made Exhibit A which Defendant knew or should have known is a good or product which Defendant intended to and did in fact distribute to Plaintiff and the other members of the class.

12. Exhibit A is part of Defendant's work or operations to market Defendant's goods or services which were performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

13. Plaintiff had not invited or given permission to Defendant to send the faxes.

14. On information and belief, Defendant faxed the same and similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

15. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16. Defendant's facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

17. This is the second class action brought against Defendant. On November 9, 2009, another class action suit was filed which tolled the statute of limitations for the entire class.

### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18. In accordance with FRCP 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who were successfully sent one or more facsimiles in February 2006 from Stevens & Ricci, Inc. stating, "Turn Debts into Dollars" and "There's an easier way to collect money," and offering "The IRS Advantage© Collection System."

Excluded from the Class are the Defendant, its officers, directors, employees, agents and members of the Judiciary.

19. <u>Commonality [Fed. R. Civ. P. 23 (A) (2)</u>:  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a) Whether the Defendant sent unsolicited fax advertisements;

b) Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

c) The manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit "A" and other unsolicited faxed advertisements;

d) Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e) Whether the Defendant sent the faxed advertisements knowingly;

f) Whether the Defendant violated the provisions of 47 U.S.C. § 227;

g) Whether the Defendant should be enjoined from faxing advertisements in the future;

h) Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

i) Whether the Court should award treble damages.

20. <u>Typicality [Fed R. Civ. P. 23 (A) (3)</u>:  The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received a fax sent on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the

federal statute. The Defendant have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

21.     <u>Fair and Adequate Representation [Fed. R. Civ. P. 23 (A) (4):</u>   The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

22.     <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23 (B) (1):</u>   Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendant, and/or b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

23.     <u>Common Conduct [Fed. R. Civ. P. 23 (B) (2):</u>   Class certification is also appropriate because the Defendant have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24.     <u>Predominance and Superiority [Fed. R. Civ. P. 23 (B) (3):</u>   Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

   a)   Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

   b)   Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

   c)   The Defendant have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs;

e)  This case is inherently managed as a class action in that:

   (i)  The Defendant identified persons or entities to receive the fax transmissions and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

   (ii)  Liability and damages can be established for the Plaintiff and the class with the same common proofs;

   (iii)  Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

   (iv)  A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense:

   (v)  A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

   (vi)  As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

25.  The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine..." 47 U.S.C. § 227.

26.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

27.     The TCPA provides:

"3. <u>Private right of action.</u>  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

(B)     An action to recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions."

28.     The TCPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if its actions were only negligent.

29.     The Defendant knew or should have known that a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; b) the Plaintiff and the other class members did not have an established business relationship; c) Defendant transmitted an advertisement; and d) the facsimile did not display a proper opt out notice as required by 64 C.R.F. 1200.

30.     The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its

employees wasted their time receiving, reviewing and routing the Defendant's illegal faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

  31. The Defendant violated 47 U.S.C. § 227, et seq., by transmitting advertisements to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

  WHEREFORE, Plaintiff, THE HYMED GROUP CORPORATION, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, STEVENS & RICCI, INC., as follows:

  A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

  B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

  C. That Court enjoin the Defendant from additional violations; and

  D. That the Court award costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

THE HYMED GROUP CORPORATION, a Pennsylvania corporation, individually and as the representative of a class of similarly-situated persons

By: s/Ann Caldwell
Ann Caldwell
CALDWELL LAW OFFICE LLC
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA  19118
Telephone:  215-248-2030
Attorney for Plaintiff

and

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., Suite 1000
Chicago, IL  60602
Telephone:  312-658-5500

**EXHIBIT A**

Personal and Confidential for:
  NAMEHERE
  ADDRESSHERE
  CITYHERE, STATEHERE ZIPHERE
  Phone: PHONEHERE  Fax: FAXHERE



## There's an easier way to collect money...



## The IRS Advantage© Collection System

★ The IRS can help you get delinquent debtors to pay

★ Use the IRS as a helper in forcing your debtors to pay immediately and in full

★ Give this technique a try!

★ You can't beat having the IRS on your side in a collection matter



*Visit our websites or call toll-free for additional information*

## Stevens & Ricci, Inc
7831 E Wrightstown Rd, Ste 107, Tucson, Arizona 85715
www.irscollect.com   (888) 722-1611   www.stevens-ricci.com

_____ The above sponsor is not affiliated with, nor endorsed by, any charitable organization _____
**Please Contribute to Reputable American Charities Dedicated to Helping Hurricane Victims**
This is a private and confidential charitable message intended only for the above named party.  If you, or someone acting in your behalf, did not request or allow us, our agents, our customers, or our sponsors, to send faxes to this number, we sent this message in error, and we apologize.  To STOP charitable or other faxes, call the "Remove" Hotline (below).  To continue to receive, do NOT call the Remove Hotline.  This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.  Date and time stamp are at the top of this page.
**"Remove" Hotline (800) 991- 9484, ext 399, or (718) 645-2018, Ext 233.**
**Complaint Hotline (718) 645-2021, ext 232**

Personal and Confidential for:
 NAMEHERE
 ADDRESSHERE
 CITYHERE, STATEHERE ZIPHERE
 Phone: PHONEHERE  Fax: FAXHERE



**Turn Debts into Dollars!!!**

## There's an easier way to collect money...



## The IRS Advantage© Collection System

★ The IRS can help you get delinquent debtors to pay

★ Use the IRS as a helper in forcing your debtors to pay immediately and in full

★ Give this technique a try!

★ You can't beat having the IRS on your side in a collection matter



*Visit our websites or call toll-free for additional information*

### Stevens & Ricci, Inc
7831 E Wrightstown Rd, Ste 107, Tucson, Arizona 85715
www.irscollect.com   (888) 722-1611   www.stevens-ricci.com

_____ The above sponsor is not affiliated with, nor endorsed by, any charitable organization _____
**Please Contribute to Reputable American Charities Dedicated to Helping Hurricane Victims**
This is a private and confidential charitable message intended only for the above named party.  If you, or someone acting in your behalf, did not request or allow us, our agents, our customers, or our sponsors, to send faxes to this number, we sent this message in error, and we apologize.  To STOP charitable or other faxes, call the "Remove" Hotline (below).  To continue to receive, do NOT call the Remove Hotline.  This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.  Date and time stamp are at the top of this page.
**"Remove" Hotline (800) 991- 9484, ext 399, or (718) 360-0971, Ext 233.**
**Complaint Hotline (718) 360-1330, ext 232**